UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KARIM LARRY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No.: |
| | * | |
| COLLECTO, INC. A/K/A EOS CCA, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

Plaintiff, Karim Larry, hereby files this complaint to recover unpaid wages and for wrongful termination.

## PARTIES

1. Karim Larry is an individual who resides at 185 High Street Abington, Massachusetts.

2. Collecto, Inc. a/k/a/ EOS CCA ("EOS CCA") is an entity with a place of business located at 700 Longwater Drive, Norwell, Massachusetts.

## JURISIDICTION AND VENUE

3. Jurisdiction exists as to the use under 28 U.S.C. § 1331.

4. Venue is appropriate pursuant to 28 U.S.C. § 1392(b).

## ALLEGATIONS

5. Mr. Larry worked as a POE Collector for EOS CCA. In his position, he performed extremely well. He generated large sums of revenue and a significant amount of cash collections.

6. As a result of his performance, Mr. Larry became entitled to bonus pursuant to the company's plan then in effect. A copy of the relevant part of that plan is attached as Exhibit A. The document addresses Monthly Revenue Bonuses and Rookie Buyout Bonuses.

7. The Monthly Revenue Bonus applied to Revenue. The Revenue figure is to be offset by five times the "base seat cost" attributable to Mr. Larry. The plan defines revenue as:

> Fees on cash Collections + (Actual Rehab funding Fees* -
> Redefault Penalty (30% Redefault and 80% of the fees on the 30%)).

8. Actual Rehab Funding Fees are defined as:

> *Actual Rehab Funding Fees will include all rehabs that you set up that funded and were invoiced in that bonus month – including restarts. If there are any subsequent invoice adjustments from prior month – these will impact the next bonus month. R and A Rehabs are subject to a $1,000 per account funding fee bonus cap. Therefore – any R and A finding with a P and I over $61K will be counted as a 61K Rehab for funding purposes. (.15 of the fees on a $61K RH are $1008.)

9. Mr. Larry generated significant Actual Rehab Funding fees. A copy of a listing of such fees is attached as Exhibit B. The fees amount to the following:

| | |
|---|---|
| July 2012 | $ 236,675 |
| August 2012 | $1,236,545 |
| September 2012 | $ 644,131 |
| October 2012 | $ 233,993 |
| November 2012 | $1,123,717 |
| December 2012 | $ 502,569 |

10. The bonus applicable to each amount based on the assumed percentage set forth in the plan would be:

| | |
|---|---|
| July 2012 | $ 2,493 |
| August 2012 | $14,831 |
| September 2012 | $ 3,312 |
| October 2012 | $ 2,449 |
| November 2012 | $10,547 |
| December 2012 | $ 6,243 |
| Total | $39,875 |

11. Mr. Larry understands that each of the foregoing amounts may need to be offset by a Redefault Penalty. He currently is unaware of the amount of any such penalty assuming any even exist.

12. Mr. Larry also is entitled to Rookie Buyout Bonuses of $4,000.

13. In December 2012, Mr. Larry authored an e-mail concerning information which he had received indicating that he may not receive is Rookie Buyout Bonus. A copy of the e-mail is attached as Exhibit C. Shortly thereafter, EOS CCA terminated Mr. Larry.

14. EOS CCA voiced no legitimate basis for Mr. Larry's termination. Mr. Larry had performed exceedingly well. He had carried on his conversations with creditors as he had been instructed. He also never had been criticized as to any of his calls which had been recorded and many of which had been reviewed by supervisory employees.

15. Mr. Larry also had received no verbal warning. He had not been "written up." He also never had been disciplined in any way while working at the company.

16. EOS CCA simply terminated Mr. Larry because it did not want to pay him the bonuses which he had earned. Doing so would reduce the bonuses to be earned by employees (or executives) far superior to Mr. Larry.

17. Mr. Larry had performed all of the actions necessary to receive his Monthly Revenue and Rookie Buyout Bonuses.

## Count I
### (Violation of Mass. Gen. Laws Ch. 149, §§ 148, 150)

18. Mr. Larry incorporates the allegations of paragraphs 1 through 17 as if fully set forth herein.

19. EOS CCA has failed to pay Mr. Larry more than $39,875.

20. Mr. Larry is entitled to such payment.

21. As a result, Mr. Larry is entitled to an amount exceeding $119,625 plus payment of his attorney's fees.

## Count II
### (Fair Labor Standards Act, 29 U.S.C. § 201)

22. Mr. Larry incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. EOS CCA has failed to pay Mr. Larry more than $39,875.

24. Mr. Larry is entitled to such payment.

25. As a result, Mr. Larry is entitled to an amount exceeding $79,750 plus payment of her attorney's fees.

## Count III
### (Wrongful Termination)

26. Mr. Larry incorporates the allegations of paragraphs 1 through 37 as if fully set forth herein.

27. EOS CCA fired Mr. Larry because he had requested payment of wages.

28. Such a measure is precluded by the unpaid wage statute.

29. Accordingly, Mr. Larry is entitled to recovery of lost income and other damages.

WHEREFORE, Mr. Larry prays that the Court:

1. Enter judgment in favor of Mr. Larry and against Defendant on Count I in an amount exceeding $119,625.

2. Enter judgment in favor of Mr. Larry and against Defendant on Count II in an amount exceeding $79,750.

3. Enter judgment in favor of Mr. Larry and against Defendant on Count III in an amount exceeding $95,000.

4. Award Mr. Larry his attorney's fees.

5. Award Mr. Larry interest and costs, which include attorney's fees.

6. Award such other and further relief as the court deems appropriate.

MR. LARRY CLAIMS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

KARIM LARRY,

By his attorney,

LAW OFFICE OF CHRISTOPHER J. TROMBETTA

/s/ Christopher J. Trombetta
Christopher J. Trombetta (BBO# 556923)
310 North Main Street, Suite 6
Mansfield, MA  02048
(508) 339-5900 – Phone
(508) 339-3111 – Facsimile
chris@trombettalaw.com

Dated:  October 15, 2013