UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------x

KARIM LARRY,

                        Plaintiff,

        v.

COLLECTO, INC. A/K/A EOS CCA,

                        Defendant.

Civ. No.:  13-cv-12560-GAO

-------------------------------------------------------------x

## DEFENDANT'S ANSWER TO COMPLAINT

    Defendant Collecto, Inc. a/k/a EOS CCA, ("Defendant" or "Collecto") for its answer and affirmative defenses, states as follows:

### PARTIES

1. Denies knowledge  or information sufficient to form a believe as to the truth of the matters asserted in Paragraph 1.

2. Admits the allegations in Paragraph 2.

### JURISDICTION AND VENUE

3. Paragraph 3 states conclusions of law to which no response is required.

4. Paragraph 4 states conclusions of law to which no response is required.

### ALLEGATIONS

5. Admits that during some but not all of his employment with Collecto, Plaintiff was a POE Collector, admits that Plaintiff generated revenue in cash collections and denies that he performed "extremely well."

6. Admits that Plaintiff would have been entitled to some but not all bonuses pursuant to a company bonus plan, denies that he was entitled to the bonuses he alleges were not paid to him in the Complaint, denies that the bonus plan document attached as Exhibit A to the Complaint applied to Plaintiff, and states that the bonus plan speaks for itself.

7. Defendant denies that the bonus plan document attached as Exhibit A to the Complaint applied to Plaintiff and states that the bonus plan applicable to Plaintiff document speak for itself.

8. Defendant denies that the bonus plan document attached as Exhibit A to the Complaint applied to Plaintiff and states that the bonus plan applicable to Plaintiff document speak for itself.

9. Denies the statement of fees Plaintiff alleges he generated, but admits he generated Rehab Funding Fees, denies that the bonus plan document attached as Exhibit A to the Complaint applied to Plaintiff, and states that the bonus plan applicable to Plaintiff document speak for itself.

10. Denies that Plaintiff was entitled to the bonuses alleged in Paragraph 10, denies that the bonus plan document attached as Exhibit A to the Complaint applied to Plaintiff, and states that the bonus plan applicable to Plaintiff document speak for itself.

11. Denies knowledge or information sufficient to form a belief as to Plaintiff's understanding as alleged in Paragraph 11.

12. Denies the allegations in Paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to whether Plaintiff authored the email referenced in Paragraph 13 and attached as Exhibit C to the Complaint, and states that the document speaks for itself. Further responding, Defendant denies the allegation in the third sentence of Paragraph 13 to the extent it implies that he was terminated from employment as a result of the alleged email, and states that the term "shortly thereafter" is too vague to allow for a response, but admits that Plaintiff was terminated from employment.

14. Denies the allegations in Paragraph 14.

15. Denies the allegations in Paragraph 15.

16. Denies the allegations in Paragraph 16.

17. Denies the allegations in Paragraph 17.

Count I
(Violation of Mass. Gen. Laws Ch. 149, §§ 148, 150)

18. Defendant incorporates by reference their response to Paragraphs 1 through 17.

19. Denies the allegations in Paragraph 19.

20. Denies the allegations in Paragraph 20.

21. Denies the allegations in Paragraph 21.

## Count II
### (Fair Labor Standards Act, 29 U.S.C. § 201)

22. Defendant incorporates by reference their response to Paragraphs 1 through 21.

23. Denies the allegations in Paragraph 23.

24. Denies the allegations in Paragraph 24.

25. Denies the allegations in Paragraph 25.

## Count III
### (Wrongful Termination)

26. Defendant incorporates by reference their response to Paragraphs 1 through 25.

27. Denies the allegations in Paragraph 27.

28. Defendant states that the stature referenced in Paragraph 28 speaks for itself and that Paragraph 28 contains a conclusion of law to which no response is required.

29. Denies the allegations in Paragraph 29.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.[1]

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has been paid all wages owed to him.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' employment decisions, at all relevant times, were based on legitimate, nondiscriminatory reasons and were consistent with applicable principles of law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly mitigate his damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to add such additional affirmative defenses as may become evident during the course of discovery.

Respectfully submitted,

COLLECTO, INC. A/K/A EOS CCA,
By its attorney,

/s/ Stephen T. Paterniti
Stephen T. Paterniti, BBO #564860
JACKSON LEWIS P.C.
75 Park Plaza
Boston, Massachusetts  02116
Phone:  (617) 367-0025
Fax:  (617) 367-2155
paternitis@jacksonlewis.com

---

[1] By pleading any matter as an affirmative defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of December, 2013 a copy of the foregoing document was electronically filed with the U.S. District Court for the District of Massachusetts through its Electronic Case Filing System.


/s/ Stephen T. Paterniti
Stephen T. Paterniti


4851-7961-6791, v. 1